UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TIMOTHY E. KENT,

                Plaintiff,

    vs.

KATHY DANIEL, JOHN DOES and
JANE DOES,

                Defendants.

NO.  CV-11-5031-JPH

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT**

**1915(g)**

    BEFORE THE COURT is Plaintiff's "Memorandum of Law in Opposition to the Court's Report and Recommendation to Dismiss First Amended Complaint With Prejudice," along with his Declaration, which the Court liberally construes as Plaintiff's Objections. ECF No. 26.  Petitioner, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and in *forma pauperis*; Defendants have not been served.

    In his Objections, Mr. Kent simply reiterates his claim that his Eighth Amendment rights were violated by the absence of an intake health screening procedure at the Benton County Jail, and the alleged denial of adequate medical care in violation of the Fourteenth Amendment. He contends he has asserted a cognizable claim under 42 U.S.C. § 1983.

    Mr. Kent signed his initial complaint on February 15, 2011, a

little over a month after he was booked into the Benton County Jail on January 6, 2011. In that complaint, Plaintiff named supervisory Defendants and failed to present any facts showing how the named Defendants violated his constitutionally protected rights.

In his First Amended Complaint, Plaintiff named the jail captain and two John Doe Defendants. He claims a John Doe Defendant advised him there were no lower bunks available at the time of intake, although Plaintiff had stated he had a pre-existing back injury, and Plaintiff claims he saw an available lower bunk in his living unit; Defendant Daniel allegedly told Plaintiff to "sign up for sick call" when he complained to her about his pre-existing back injury on January 12, 2011; and on January 14, 2011, Defendant John Doe Maygard told Plaintiff he would be moved soon. Plaintiff states he was not assigned a lower bunk until February 16, 2011, and was then transferred to another facility two weeks later.

Once again, the allegations against the named Defendants are not sufficient to rise to the level of deliberate indifference to a serious medical need. Providing misinformation regarding the availability of a bunk does not rise to the level of a constitutional violation. Plaintiff indicates he was seen by medical personnel when he signed up for sick call. Plaintiff presented no facts showing any of the identified Defendants was responsible for the one month delay in receiving a lower bunk assignment or any facts that would demonstrate deliberate indifference, rather than mere negligence. Negligence is not actionable in a claim under 42 U.S.C. § 1983. *Broughton v. Cutter Lab*, 622 F.2d

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT -- 2

458, 460 (9th Cir. 1980).

Plaintiff complains he was forced to climb into bed and jump approximately six feet off the bed because there were no ladders. Plaintiff's choice to jump, rather than to climb/slide back down, has allegedly resulted in re-injury of his back. He states he is currently participating in weekly physical therapy to ease the pain, and has been issued a lower bunk health status report at the Airway Heights Correction Center.

Once again, Plaintiff's allegations against identified Defendants are insufficient to show deliberate indifference to his serious medical needs. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Furthermore, Plaintiff's bald assertions regarding the lack of intake screening for contagious diseases, without any facts showing he was harmed thereby, does not rise to the level of either an Eighth or Fourteenth Amendment violation. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)

For the reasons set forth above, in the Order to Amend or Voluntarily Dismiss, ECF No. 8, and in the Report and Recommendation of the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation, ECF No. 21, is **ADOPTED in its entirety** and the First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted against the named Defendants under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from

bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.   This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.   The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.   The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.   The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this _____16th_____ day of September 2011.


_____
S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2011\prisoner11cv5031jph-9-15-Dis1915g.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT -- 4